Taxxor, Chief Justice,
 

 delivered the opinion of the Court. — The trespass complained of in this case, was committed on the property while it was in the possession of a hirer for a year; and the question to be decided is, whether an action on the case is the proper remedy. It is too firmly settled, both by principle and authorities, now to be shaken, that possession, either actual or virtual, is necessary to maintain trespass; for the action is properly to obtain a recompenese for the wrong done to the possession, and therefore he who has parted with the right of possession for a limited time, without the power of resuming it, cannot complain that Ms possession is violated. The cases of
 
 Ward
 
 v.
 
 McCau-ley,
 
 and
 
 Gordon
 
 v.
 
 Harper,
 
 in
 
 Term Rep.
 
 and the cases decided in this court, establish the rule, that neither trespass nor trover will lie, unless there exists in the plaintiff a right of possession as well as of property. And it seems to follow, very clearly, that
 
 trespass
 
 could not
 
 be
 
 maintained, in the present case. It has been argued that
 
 trespass
 
 will lie, because the injury was immediate on the act done, and consisted in the destruction of the plaintiff’s property. It is true that the injury was immediate to the chattel itself, and also, immediate to its actual possessor; but it was consequential only, as relative to the plaintiff’s property; for he had parted with that for a definite time; and whether it existed or was destroyed, it still continued beyond his control for that period. He would be, ultimately, a sufferer by the loss of Ms reversionary interest, and to that injury the law has adapted an action on the case. This distinction prevails, with one exception,-in real as well as personal property; for both tenant and landlord may have actions against a
 
 *251
 
 Wrong doer; the first, an action of trespass for an injury to the possession; the last, an action on the case for an injury to the reversion: as when the defendant, by stopping up a rivulet, had flooded an adjacent close, and destroyed great quantities of timber, both remedies were allowed to be pursued, for the damage respectively sustained. The exception adverted to, does not seem to be well established by authority, for the decisions are both ways, relative to the right of a lessor to bring trespass against one who enters on his lessee at will; but supposing the right to subsist, it may be placed on the ground, that the lessor has a virtual possession in that of his lessee, since he may put an end to the estate at his pleasure. I think the opinion appealed from is correct, and that there must be judgment for the plaintiff.
 

 My brethren concur with me in opinion.